**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2467
_____

MONICA BIRCH-MIN, Individually and as Executrix
of the Estate of Aung Min and as Administrator Ad
Prosequendum on behalf of the Estate of Aung Min,

Appellant

v.

MIDDLESEX COUNTY BOARD OF SOCIAL
SERVICES; PLAINSBORO POLICE DEPARTMENT;
ADULT PROTECTIVE SERVICES;
DOES 1 THROUGH 100 INCLUSIVE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-14-cv-00476)
District Judge: Brian R. Martinotti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2018

Before: CHAGARES, BIBAS and GREENBERG, Circuit Judges

(Opinion filed: January 23, 2019)
_____

OPINION*
_____

PER CURIAM

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Monica Birch-Min appeals from an order of the District Court granting summary judgment to the defendants and denying her Rule 60(b) motion and motion for reconsideration of the order denying her Rule 60(b) motion. For the reasons that follow, we will dismiss the appeal in part for lack of appellate jurisdiction and affirm in part to the extent of our jurisdiction.

Birch-Min, individually and as executrix for the estate of her late husband Aung Min, sued the Middlesex County Department of Social Services and the Plainsboro Police Department in the United States District Court for the District of New Jersey, alleging a violation of the couple's Due Process rights. Specifically, she alleged that her husband, who at the time was 93 years old,[1] was unlawfully taken from her care and imprisoned against his will by the Division of Adult Protective Services and forced to participate in unnecessary medical testing. In a second amended complaint, Birch-Min asserted four causes of action: (1) a survival/wrongful death claim, pursuant to N.J. Stat. Ann. § 2A:15-3, et seq., and N.J. Stat. Ann. § 2A:31-1, et seq.; a Monell claim, see Monell v. Dep't of Social Services, 436 U.S. 658 (1978), pursuant to 42 U.S.C. § 1983 against Middlesex County Social Services; a Monell claim against the Plainsboro Police Department; and a conspiracy claim. The defendants moved separately for summary judgment and Birch-Min moved for summary judgment.

In an order entered on March 16, 2017, the District Court awarded summary judgment to the defendants and against Birch-Min. The Court reasoned in the main that

---

[1] Mr. Min passed away on August 18, 2014.

2

all four of Birch-Min's causes of action were dependent upon the existence of an allegedly unlawful policy, practice, or custom enacted by either Middlesex County Social Services and/or the Plainsboro Police Department, and that she had offered no evidence whatever of such policies, practices, or customs. Birch-Min timely filed a motion for reconsideration and moved to disqualify the District Court. She also filed a notice of appeal on March 27, 2017, resulting in the appeal docketed in our Court at C.A. No. 17-1670. That appeal was stayed pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A). In an order entered on April 18, 2017, the District Court denied Birch-Min's motion to disqualify, and stated in its opinion that the matter of reconsideration was administratively closed. The Rule 4(a)(4) stay in this Court was lifted but Birch-Min's appeal then was dismissed by Order of the Clerk when she failed to pay the appellate docketing fees.[2]

Meanwhile, on May 1, 2017, and thus more than 28 days after the District Court's order granting summary judgment to the defendants was entered on the docket, Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."), Birch-Min filed a second motion for reconsideration. In an order entered on November 28, 2017, the District Court denied it.

On December 8, 2017, Birch-Min filed a motion to vacate the March 16, 2017 summary judgment order and November 28, 2017 order denying reconsideration,

---

[2] Birch-Min moved to reopen the appeal. We denied the motion but granted her leave to supplement it with the required information. She never did so, and thus the appeal remains closed.

pursuant to Fed. R. Civ. P. 60(b).  See Docket Entry No. 152.  Birch-Min argued in a supporting affidavit that the summary judgment in favor of the defendants was void and should be vacated because it was based on "false facts" … constituting Fraud."  In an order entered on May 17, 2018, the District Court denied the Rule 60(b) motion.  Birch-Min timely moved for reconsideration of that order.  In an order entered on May 30, 2018, the District Court denied reconsideration.

On June 29, 2018, Birch-Min filed a notice of appeal to this Court, seeking review of the District Court's March 16, 2017 order granting summary judgment to the defendants and against her, and orders denying her Rule 60(b) motion and motion for reconsideration of the order denying her Rule 60(b) motion.  The matter has been fully briefed and is ripe for disposition.

We will dismiss the appeal for lack of appellate jurisdiction to the extent that Birch-Min seeks review of the District Court's March 16, 2017 order awarding summary judgment to the defendants and against her.  Her June 29, 2018 notice of appeal was not timely filed within 30 days of either the March 16 order or the District Court's April 17, 2017 order denying disqualification and acknowledging the administrative termination of her original and timely motion for reconsideration.  Fed. R. App. P. 4(a)(1)(A) (providing for 30-day appeal period); Fed. R. App. P. 4(a)(4)(A) (if party files in district court motion for reconsideration under Rule 59(e), and does so within the time allowed by that rule, the time to file an appeal runs from the entry of the order disposing of that motion).

4

See also Bowles v. Russell, 551 U.S. 205, 209 (2007) (holding that taking of appeal within prescribed time is mandatory and jurisdictional).[3]

Birch-Min's appeal from the District Court's orders denying her Rule 60(b) motion and motion for reconsideration of the order denying her Rule 60(b) motion is timely filed, Fed. R. App. 4(a)(1); Fed. R. App. P. 4(a)(4)(A). We have jurisdiction under 28 U.S.C. § 1291.

We will affirm. We review a District Court's denial of a Rule 60(b) motion for an abuse of discretion, which occurs when the Court's decision "'rests upon a clearly erroneous finding of fact, an erroneous conclusion of law or an improper application of law to fact.'" See Reform Party v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (quoting International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir.1987)). Rule 60(b) allows a party relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. 60(b)(1)-(6).

---

[3] Birch-Min's May 1, 2017 motion for reconsideration did not toll the time for taking an appeal because it was not filed within 28 days of the District Court's March 16 summary judgment order, Fed. R. Civ. Pro. 59(e). The District Court did not have the authority to extend the time for filing the Rule 59(e) motion, Fed. R. Civ. P. 6(b)(2) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time," except that a "court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). See also Long v. Atlantic City Police Dep't, 670 F.3d 436, 444 n.16 (3d Cir. 2012).

The summary judgment record established the following. On January 20, 2012, Maxine Reid, of Adult Protective Services went to the couple's home to see Mr. Min because the agency had received an anonymous report that he was in distress. Birch-Min would not grant Reid access to the home and so Reid sought assistance from the Plainsboro Police Department in executing her duties. Officers from the Plainsboro Police Department, along with emergency medical personnel, arrived and ultimately gained entry into the home and took Mr. Min to the hospital (and then to a long-term care facility) against Birch-Min's wishes. Following the events of January 20, 2012, guardianship proceedings were commenced and the state probate court appointed a guardian and issued a judgment of incapacity, declaring that "Aung Min is an incapacitated person as a result of unsoundness of mind and is incapable of governing himself and managing his affairs and unable to consent to medical treatment."

Based on the summary judgment record, the District Court determined that Birch-Min had offered no evidence at all to support her contention that either the Plainsboro Police Department or Middlesex County Social Services had in place any unlawful policy, practice, or custom, or that the events of January 20, 2012 were in any way related to such an unlawful policy, practice, or custom. Instead, the summary judgment record showed only that a legitimate complaint concerning the health and well-being of Mr. Min was appropriately investigated and addressed. In seeking to reopen the judgment pursuant to Rule 60(b), Birch-Min argued that the District Court's decision, and subsequent decisions denying reconsideration, were based on fraud because she ultimately received a decision favorable to her, when on June 21, 2012, the Probate Court

6

vacated its Judgment of Incapacity and Order Appointing Guardian. In her Informal Brief, Birch-Min argues that "the Defendants [thus] should never have bothered the Mins." Appellant's Informal Brief, at 7.

We uphold the District Court's orders denying Birch-Min's motion to reopen the judgment and order denying reconsideration of the order denying her Rule 60(b) motion. Birch-Min sought to reopen the summary judgment on the ground that, because the probate court vacated the judgment of incapacity and order of guardianship, this circumstance necessarily meant that Mr. Min was never incapacitated, and that the defendants thus perpetrated a fraud on the District Court. We note that Birch-Min appeared at the hearing to contest guardianship and requested that she be permitted to move her husband from New Jersey to Monserrat in the Caribbean. The judgment of incapacity was issued but the hearing was continued and it later was determined that Mr. Min could travel. And so, on June 21, 2012, the Probate Court vacated the judgment of incapacity and order of guardianship for the purpose of allowing Mr. Min "to be discharged from Roosevelt Care Center and relocate to Monserrat with his wife, Monica Min, with the assistance of a home health aide."[4] This determination to allow Mr. Min to move to Monserrat was not, however, an express or even implied repudiation of the Probate Court's earlier judgment of incapacity. The only inference to be drawn from the Probate Court's June, 2012 decision is that Mr. Min improved enough, following his stay at an extended care facility, to leave New Jersey with the assistance of Birch-Min and a

---

[4] The couple then moved to Monserrat.

home health aide.  No fraud was perpetrated on the District Court by the defendants in their motions for summary judgment, and there were no misrepresentations by the defendants, and thus no basis for reopening the judgment pursuant to Rule 60(b).

Last, Birch-Min's motion for reconsideration of the District Court's order denying her Rule 60(b) relief was properly denied because she did not argue an intervening change in the law, new evidence, or a clear error of law.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will dismiss the appeal in part for lack of appellate jurisdiction and affirm the orders denying Birch-Min's Rule 60(b) motion and motion for reconsideration of the order denying her Rule 60(b) motion.